UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                CRIMINAL NO. 07-20341-02

vs.                                     JUDGE JOHN CORBETT O'MEARA

D-2    JOHN W. BURCHAM,

        Defendants.
_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR PRODUCTION OF BRADY MATERIALS**

At the outset, it should be noted that the government has made all its documents in its possession available to the defendants for their review. The government has agreed to copy any documents requested by the defendants. The government has already provided copies of all documents requested by the defendants.

The government is well aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). However, a review of the requests filed by defendants suggests that the materials requested by defendants are not either *Giglio* or *Brady*.

    A.    Rule 16 Discovery.

The defendants have been provided with their clients' statements, if any. The defendants have been given access to all documents in the government's possession. As far as expert witnesses are concerned, the government provided Munaco's counsel with a copy of Neil Johnson's report in June, 2007. This is the only expert witness the government anticipates calling. The documents were presented to Munaco's attorney since it would appear to refer to

1

Munaco's company and not Burcham's company. However, we will provide a copy to Mr. Burcham's counsel.

      B.    *Brady/Giglio/Kyles* materials.

The government anticipates calling two witnesses who have plead guilty in relating cases. Their Rule 11 plea agreements are a matter of public record and can be obtained by defense counsel. Those witnesses are Dennis Lambka and Brian Lambka. There is a third witness who may possibly cooperate with the government, but as of today, that matter has not yet been resolved. Once that matter is resolved, the information will be provided to the defense.

As regards the request for information that may be of an exculpatory nature, the government is aware of only one witness who might arguably be in a position to provide exculpatory information. Wilmer Swan, a former employee of Mr. Burcham has suggested that the $88,000.00 payment to Burcham by Munaco was a loan. It is conceivable this could be of some assistance to Defendant Burcham. However, it is no help to Defendant Munaco who deducted that payment as a business expense.

      1.    Defendant Burcham claims on page 4 that "the government has in its possession contracts documenting that SES was obligated to provide insurance for Mandamus." The government is unaware of any documents that are covered by such a description. All documents in the possession of the government are available to defendants. If counsel has something specific in mind, the government will be willing to conduct an additional review of the materials in its possession if provided with additional information to facilitate such a review.

2. Defendant Burcham claims on page 4 that "the government has in its possession documents establishing that individuals other than Defendant Burcham advised SES it was obligated to provide insurance to Mandamus." The government is unaware of any individuals who made such statements. If counsel has names the government will pursue the matter and interview those witnesses.

3. Defendant Burcham claims the government "has in its possession documents establishing that the validity of a May 8, 1999 letter." The government has no records in its possession relating to the May 8, 1999 letter. Once again, if counsel has specific information, the government will conduct an additional review of the records which are available for review by the defendant.

4. Defendant Burcham makes a series of claims in paragraphs c and d on page 4 concerning documents in the government's possession relating to a loan of approximately $88,000.00 allegedly made by Defendant Munaco to Defendant Burcham. The government has provided to Defendant Burcham all documents in its possession concerning that transaction. Those documents were provided by Defendant Munaco.

5. Defendant Burcham claims the government has in its possession that the counter-claim was based upon a loan in February, 1999, not a loan repaid in September, 1998. The government has no such documents in its possession. The bankruptcy counter-claim refers to a loan made in February, 1998 which the government contends was repaid in September, 1998. The government asked Defendant Munaco prior to indictment to provide any information concerning the counter-claim, including other loan documents. The government has no

3

information concerning a February, 1999 loan and would be willing to review and investigate the matter if such documents were provided.

Counsel's request for impeachment of potential witnesses is premature unless and until a witness testifies. The government is under no obligation to provide any impeachment material. 18 U.S.C. §3500. The request that the government produce the names and statements of witnesses whom the government does not anticipate calling is not a proper discovery request unless such a statement is either *Brady* or *Giglio*. It is not subject to production. Indeed, the government is not even required to produce the statement of a witness it anticipates calling to the stand until the witness has testified. Accordingly, imposing an obligation to produce statements of witnesses the government will not call unless they have exculpatory information would run contrary to the *Jenks* Act which provides in part:

> "In any criminal prosecution brought by the United States, no statement or report in possession of the United States which was made by a witness (obtained from the defendant) shall be the subject of subpoena , discovery or inspection until such witness has testified on direct examination in the trial of the case." (Emphasis added).

Wherefore, the government respectfully requests that defendant's motion for discovery be denied.

Respectfully submitted,

TERRENCE BERG
Acting United States Attorney

s/Keith E. Corbett
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan  48226-3211
(313) 226-9640
keith.corbett@usdoj.gov
P24602

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 6, 2008, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    William Swor, Esq. and Mayer Morganroth, Esq.

                                              s/Keith E. Corbett
                                              Assistant United States Attorney
                                              211 West Fort Street, Suite 2001
                                              Detroit, Michigan  48226-3211
                                              (313) 226-9640
                                              keith.corbett@usdoj.gov
                                              P24602