UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,              CRIMINAL NO. 07-20341-02

vs.                                  JUDGE JOHN CORBETT O'MEARA

D-2    JOHN W. BURCHAM,

        Defendants.
                                  /

## GOVERNMENT'S BRIEF IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS

The indictment does not, as defendant's motion asserts, allege that the offense occurred between 1998 and 2001. Rather the indictment alleges that from on or about January 1, 1998, continuing up to at least April 7, 2003, the defendants participated in a criminal conspiracy to launder money.

A brief review of the theory upon which the indictment is predicated may be helpful in evaluating the defendant's claim that the statute of limitations bars this prosecution.

The government alleges that the defendants engaged in a conspiracy to launder money which was the result of violation of 18 U.S.C. §§1341 and 1343. The government alleges that Mr. Burcham and Mr. Munaco engaged in a scheme to defraud several insurance companies. Mr. Munaco's company was having difficulty obtaining Worker's Compensation Insurance at a competitive rate. Accordingly, the government alleges that Defendant Munaco entered into an agreement with Defendant Burcham to make it appear that Munaco's company, Mandamus, had

sold a 51% to Mr. Burcham's company, NHRC. The government alleges that this sale was a sham and that Burcham acquired no interest in the company.

This sham transaction allowed Mandamus to receive insurance under the NHRC policy which greatly reduced the premiums Mandamus had to pay for coverage during the time from 1998 through March, 1999. Defendant Burcham sold his company NHRC to SES in April or May, 1999. On May 9, 1999, Defendant Burcham advised Defendant Munaco in a letter that SES had no intention of acquiring any interest in Mandamus. Nevertheless, through December, 2001, Mandamus continued to receive coverage under the SES Worker's Compensation policy, again resulting in substantial benefit to Mandamus. The indictment alleges that Mandamus, because of the fraudulent sale to NHRC, benefitted in the amount of approximately $2,543,843.00. This is the heart of the allegation.

At the outset, defendant asserts in his moving papers that for the purpose of calculating the statute of limitations under 18 U.S.C. §1341, the event is the last date upon which the defendant "knowingly causes" mail to be delivered in the execution of a scheme to defraud. The mail fraud alleged in the indictment is directed at the insurance companies that underwrote insurance for Mandamus. The evidence will show that claims by workers pursuant to the policy under which Mandamus was covered, have continued to utilize the mail through 2001, 2002, 2003, 2004 and 2005.

Defendant Burcham's conduct in assisting Mandamus to receive Worker's Compensation insurance to which it was not entitled is surely enough to constitute "knowingly causing" to be delivered as par of the scheme.

Prong two for statute purposes is the government's allegation that the bankruptcy counter-claim filed by Defendant Munaco while in bankruptcy proceedings was part of the conspiracy. SES filed a claim against Mandamus for paying insurance premiums it should not have been obligated to pay. Again, this claim by SES went to the heart of the conspiracy alleged in the indictment, namely the attempt by Mandamus to obtain a benefit to which it was not entitled.

In this context Defendant Munaco filed what the government alleges was a false counter-claim. Mandamus claimed that any money it was obligated to pay to SES should be offset by a claim Mandamus filed against NHRC. This claim was predicated upon a loan between Mandamus and NHRC, which Defendant Munaco indicated had never been repaired. The government alleges that the loan had been repaid in 1998 and hence was fraudulent.

When one co-conspirator engages in an overt act which furthers the object of the conspiracy, it expands the time frame covered by the statute of limitations.

The purpose of the counter-claim was to reduce the obligation of Mandamus for its Workers Compensation insurance. Accordingly, it was to effectuate the object of the conspiracy, not simply to conceal it. *United States v. Benussi*, 216 F.2d (SDNY 2002).

Defendant is bound by the acts of his co-conspirator. *United States v. Piamprano*, 275 F.2d 273 (2d Cir. 1942).

Accordingly, there are two separate basis for the claim that the statute of limitations does not apply. The first is that the defendants engaged in conduct which cause the mail to be used at least through 2005 as alleged in the indictment. The second is that the bankruptcy filing by

3

Defendant Munaco for the purpose of reducing his Worker's Compensation insurance in April 2003 was part of the conspiracy and hence, applicable to all conspirators.

Wherefore, the government respectfully requests that this motion to dismiss be denied.

Respectfully submitted,

TERRENCE BERG
Acting United States Attorney

s/Keith E. Corbett
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan  48226-3211
(313) 226-9640
keith.corbett@usdoj.gov
P24602

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2008, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

William Swor, Esq. and Mayer Morganroth, Esq.

s/Keith E. Corbett
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan  48226-3211
(313) 226-9640
keith.corbett@usdoj.gov
P24602